IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WILLIAM A. WHITE, #13888-084, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 20-cv-01117-JPG |
| | ) |
| M. COLLIS, | ) |
| KATHY HILL, | ) |
| FEDERAL BUREAU OF PRISONS, | ) |
| BILL TRUE, | ) |
| D. CHRISTENSEN, | ) |
| J. WAMPLER, | ) |
| GARY BURGESS, | ) |
| and S. BYRAM, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff William White, an inmate housed in the Communications Management Unit ("CMU") at the United States Penitentiary in Marion, Illinois ("USP-Marion"), filed this action pursuant to the Administrative Procedures Act ("APA"), 5 U.S.C. § 701, *et seq*., and *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). (Doc. 1). In the Complaint, Plaintiff challenges disciplinary action taken against him for his attempted or actual communications with individuals and publications outside the prison. He seeks injunctive relief against the Federal Bureau of Prisons ("BOP") pursuant to the APA and money damages against the individual defendants pursuant to *Bivens*.

The Complaint is subject to preliminary review under 28 U.S.C. § 1915A. Section 1915A requires the Court to screen prisoner Complaints to filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous or malicious, fails to state a

1

claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations are liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## **The Complaint**

Plaintiff's Complaint spans 75 pages. (Doc. 1, pp. 1-75). The statement of claim consists of 66 paragraphs and is far from clear. (*Id*. at 25-39). To the extent he focuses on anything in particular, Plaintiff challenges disciplinary action taken against him for his attempted or actual communications with individuals and news publications outside of prison. (*Id*.). Plaintiff is housed in the Communications Management Unit ("CMU") and is subject to additional staff oversight of communications with other CMU inmates and persons in the community. 28 C.F.R. § 540.200(c). Even so, Plaintiff maintains that he was unlawfully punished for his communications, all because he refused to participate in various criminal investigations dating back to 2006, 2014, 2016, and 2018. (*Id*.).

On January 24, 2019, Defendant Wampler issued Plaintiff Incident Report #3216300 for violation of "399 most like a 397" after he admittedly described another inmate's medical and mental health conditions to his mother during a telephone conversation. Defendants Hill and Burgess found that Plaintiff's conduct violated the disciplinary code and suspended his phone privileges for thirty days. Plaintiff claims his refusal to speak with BOP officials outside the presence of counsel about the 2006, 2014, 2016, and 2018 criminal investigations prompted the disciplinary action against him. The BOP denied Plaintiff's request to expunge the incident report on September 6, 2019. (*Id*. at 26-29).

On February 5, 2019, Wampler issued Plaintiff Incident Report #3221417 for violation of "334" for running a business and "396" for mail abuse, after Plaintiff attempted to mail Alex

Linder a letter soliciting donations for his legal defense fund.  Defendants Byers and Burgess found Plaintiff guilty of both rule violations and suspended his commissary and phone privileges for thirty days.  (*Id*. at 29).  Plaintiff again claims that the defendants retaliated against him for exercising his right to counsel in connection with the criminal investigations cited above.  The BOP denied Plaintiff's request to expunge this incident report on August 30, 2019.  (*Id*.).

Defendants Collis and Christensen separately prevented Plaintiff from emailing and mailing Paul Angel, the Managing Editor of *American Free Press*, a copy of his statement describing the Department of Justice's alleged secret domestic torture program for publication in the newspaper for solicitation of donations toward his legal defense fund.  (*Id*. at 29-31).  The BOP denied Plaintiff's request to email or mail this statement on April 29, 2020.  (*Id*. at 31).

Plaintiff also describes various other "subsequent acts" to allegedly provide context for his claims in this case.  (*Id*. at 31-34).  However, he explains that these acts of alleged misconduct are unexhausted and serve only as background information.  (*Id*.).  Therefore, the Court will not summarize the remaining allegations here.

The Court finds it convenient to designate the following enumerated counts in the Complaint, consistent with Plaintiff's characterization of the same:

> **Count 1:** APA claim against BOP under 5 U.S.C. § 701, *et seq*., for unlawfully withholding or unreasonably delaying expungement of Incident Report #3216300, a decision that was arbitrary or capricious and in violation of 18 U.S.C. § 4042(a)(1) - (3) as implemented by 28 C.F.R. §§ 540.100-106 and 541.1-8.
>
> **Count 2:** APA claim against BOP under 5 U.S.C. § 701, *et seq*., for unlawfully withholding or unreasonably delaying expungement of Incident Report #3221427, a decision that was arbitrary or capricious and in violation of 18 U.S.C. § 4042(a)(1) - (3) as implemented by 28 C.F.R. §§ 540.2, 10-25 and 541.1-8.
>
> **Count 3:** APA claim against BOP under 5 U.S.C. § 701, *et seq*., for unlawfully withholding or unreasonably delaying outgoing mail to the Managing

|  |  |
|---|---|
|  | Editor of *American Free Press*, a decision that was arbitrary or capricious and in violation of 18 U.S.C. § 4042(a)(1) - (3) as implemented by 28 C.F.R. §§ 540.2, 10-25, 60-65. |
| **Count 4:** | APA claim against BOP under 5 U.S.C. § 701, *et seq.*, for implementing an unlawful policy prohibiting BOP inmates from submitting material for publication in the news media, a decision that was arbitrary or capricious and in violation of 18 U.S.C. § 4042(a)(1) - (3) as implemented by 28 C.F.R. §§ 540.2, 10-25, 60-65 and 541.1-8. |
| **Count 5:** | APA claim against BOP under 5 U.S.C. § 701, *et seq.*, for unlawfully withholding or unreasonably delaying Plaintiff's relief from a pattern or practice of retaliation for exercising his right to counsel and to refuse to commit perjury, a decision that was arbitrary or capricious and in violation of 18 U.S.C. § 4042(a)(1) - (3) as implemented by 28 C.F.R. §§ 540.2, 10-25, 60-65, 100-106 and 541.1-8. |
| **Count 6:** | First, Fifth, and/or Sixth Amendment claim against Wampler, Burgess, and Hill for falsely finding Plaintiff in violation of Incident Report #3216300. |
| **Count 7:** | First, Fifth, and/or Sixth Amendment claim against Wampler, True, Burgess, and Byram for falsely finding Plaintiff in violation of Incident Report #3221177. |
| **Count 8:** | First Amendment claim against Wampler, True, Burgess, and Byram for prohibiting Plaintiff from sending outgoing communications to Alex Linder. |
| **Count 9:** | First Amendment claim against Collis and Christensen for prohibiting Plaintiff from sending outgoing communications to Paul Angel. |

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[1]

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

**APA Claims: Counts 1 through 5**

The Administrative Procedures Act ("APA") allows individuals adversely impacted by final federal agency action to seek judicial review. *See* 5 U.S.C. § 702 ("A person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof."). The Seventh Circuit Court of Appeals has held that the APA can be used to challenge application of prison rules to individual prisoners. *See, e.g., Richmond v. Scibana*, 387 F.3d 602, 606 (7th Cir. 2004). Plaintiff challenges the final agency action of the BOP with respect to Incident Report #3216300 (Count 1), Incident Report #3221427 (Count 2), Plaintiff's communications with *American Free Press* (Count 3), and other news media (Count 4). Although he may not seek money damages under the APA, Plaintiff may pursue his claim for injunctive relief under the APA against the Federal Bureau of Prisons. *See* 5 U.S.C. § 702; *Veluchamy v. FDIC*, 706 F.3d 810, 812 (7th Cir. 2013) (APA authorizes injunctive relief and not money damages); *White v. Henman*, 977 F.2d 292, 293 (7th Cir. 1992) (BOP appropriate defendant for APA claim). *See also, White v. True*, App. No. 20-1619 (7th Cir. Oct. 26, 2020); *White v. Sloop*, 772 F. App'x 334 (7th Cir. 2019).

Count 5 does not survive preliminary review. Plaintiff relies on vague allegations of a "pattern" of retaliation against him, and he does not challenge a final agency action. As discussed in more detail below, Plaintiff has stated no plausible claim for retaliation at all, let alone a pattern of it. Count 5 shall be dismissed without prejudice for failure to state a claim.

***Bivens* Claims: Counts 6 through 9**

Plaintiff's First, Fifth, and Sixth Amendment claims for money damages are not cognizable under *Bivens*. In *Ziglar v. Abbasi*, 137 S.Ct. 1843 (2017), the Supreme Court held that federal courts should not expand *Bivens* into contexts not officially recognized by the Supreme Court,

5

unless certain "special factors" counsel otherwise. *Ziglar*, 137 U.S. at 1859-60. The Court cited only three instances in which a *Bivens* remedy should be recognized against federal officials: (1) Fourth Amendment claims involving unlawful searches and seizures; (2) Fifth Amendment due process claims involving gender discrimination; and (3) Eighth Amendment claims for inadequate medical treatment. *Id*. at 1854-55 (citations omitted). Plaintiff's claims do not fit into any of these categories. The United States Supreme Court has "never held that *Bivens* extends to First Amendment claims." *See White v. True*, App. No. 20-1619 (7th Cir. Oct. 26, 2020) (citing *Reichle v. Howards*, 566 U.S. 658, 663 n. 4 (2012) (upholding district court's decision to dismiss First Amendment claim brought pursuant to *Bivens* at screening without further briefing). Although *Bivens* allows for some Fifth Amendment claims, *i.e.*, *Davis v. Passman*, 442 U.S. 228 (1979) (sex discrimination), the Seventh Circuit has declined to recognize a new theory of relief in a *Bivens* action premised on due process violations like the one presented in the Complaint. *See, e.g.*, *Smadi v. True*, 783 F. App'x 633, 634 (7th Cir. 2019) (affirming district court's dismissal of due process claim at screening as indistinguishable from due process challenge rejected in *Abbasi*); *Goree v. Serio*, 735 F. App'x 894, 895 (7th Cir. 2018) (claims premised on due process violations arising from administrative and disciplinary proceedings not cognizable under *Bivens* and properly dismissed at screening). Other circuits have reached the same conclusion for similar due process claims. *See, e.g., Vega v. United States*, 881 F.3d 1146, 1154-55 (9th Cir. 2018) (declining to recognize *Bivens* action for due process violation); *Harris v. Dunbar*, Case No. 17-cv-00536-WTL, 2018 WL 3574736, at *3-4 (S.D. Ind. 2018) (declining to recognize *Bivens* action for due process claim based on continued placement in communications management unit). Neither the Supreme Court nor the Seventh Circuit has declared a Sixth Amendment violation actionable under *Bivens*. *See Sebolt v. Samuels*, 749 F. App'x 458, 459-60 (7th Cir. 2018) (finding violation of

Sixth Amendment right to counsel not cognizable under *Bivens* and that claim failed on merits even if cognizable); *Abbasi*, 137 S. Ct. at 1857-58.

Moreover, special factors do not urge expansion of *Bivens* here.  This includes questions of "whether the judiciary is well suited, absent congressional action or instruction, to consider and weigh the costs and benefits of allowing a damage action to proceed" and whether "there is an alternative remedial structure present in a certain case." *Abbasi*, 137 S.Ct. at 1858.  Plaintiff had alternative remedies to obtain relief.  He could access the Federal Bureau of Prison's administrative remedies program.  *See White*, Case No. 17-cv-1059-JPG-DGW, 2018 WL 6584899, at *2.  The fact that this process may have resulted in an unfavorable outcome is insufficient to warrant expansion of the implied damages remedy for the instant claims.  Even if the Court reached the merits of these claims, however, they fail.

**A.     Counts 6 and 7**

Plaintiff invokes the First Amendment in connection with Counts 6 and 7, based on allegations he was issued disciplinary tickets in retaliation for refusing to participate in criminal investigations without counsel in 2006, 2014, 2016, and 2018.  Prison officials may not take retaliatory action designed to punish an individual for exercising his constitutional right to seek judicial relief or for utilizing available grievance procedures. *Babcock v. White*, 102 F.3d 267, 275 (7th Cir. 1996); *Walker v. Thompson*, 288 F.3d 1005, 1009 (7th Cir. 2002).  Plaintiff relies on bald assertions to support his claim against the defendants for a pattern of retaliation that dates back fifteen years.  These events are loosely related at best and occurred so far apart that they state no plausible claim of retaliation or a pattern of the same.

Plaintiff also alleges a violation of his Fifth Amendment rights in connection with Counts 6 and 7.  The Fifth Amendment protects a person from deprivations of life, liberty, or property

7

without due process of law.  *Caldwell v. Miller*, 790 F.2d 589, 602 (7th Cir. 1986).  Before due process protections are triggered, however, a protected liberty or property interest must be at stake. *Dandan v. Ashcroft*, 339 F.3d 567, 575 (7th Cir. 2003).  Liberty interests are generally "limited to freedom from restraint which . . . imposes [an] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  *Sandin v. Conner*, 515 U.S. 472, 483-84 (1995). Plaintiff identifies the interests at stake in Counts 6 and 7 as phone and commissary privileges, neither of which triggers due process protections.  The due process claim does not survive review on the merits.

Finally, Plaintiff improperly invokes the Sixth Amendment right to counsel in connection with Counts 6 and 7, but his claim is misplaced.  Plaintiff was allegedly denied counsel in connection with the 2006, 2014, 2016, and 2018 criminal investigations – not in connection with either of his 2019 incidents reports.  Counts 6 and 7 focus only on the 2019 incident reports. Accordingly, his Sixth Amendment claims fails to state any claim for relief.

**B.      Counts 8 and 9**

Plaintiff also invokes the First Amendment in connection with Counts 8 and 9 without explaining why, and the Court will not waste time guessing.  He has not set forth "enough facts to state a claim to relief that is plausible on its face."  *Twombly*, 550 U.S. at 570.  Counts 8 and 9 do not survive screening on the merits.

In summary, Counts 1 through 4 shall receive further review at this stage.  However, Counts 5 through 9 shall be dismissed for failure to state a claim for relief.

**Disposition**

**IT IS ORDERED** that **COUNTS 1, 2, 3,** and **4** are subject to further review against Defendant **FEDERAL BUREAU OF PRISONS**.  **Pursuant to Administrative Order No. 244,**

**<u>Defendant need only respond to the issues stated in this Merits Review Order.</u>**

**IT IS ORDERED** that **COUNT 5** is **DISMISSED** without prejudice, and **COUNTS 6, 7, 8,** and **9** are **DISMISSED** with prejudice, all for failure to state a claim for relief.

The Clerk of Court is **DIRECTED** to **TERMINATE** Defendants **M. COLLIS, KATHY HILL, BILL TRUE, D. CHRISTENSEN, J. WAMPLER, GARY BURGESS,** and **S. BYRAM** as defendants in CM/ECF.

**IT IS FURTHER ORDERED** that Plaintiff may initiate service of this lawsuit on the Federal Bureau of Prisons without further delay.  Defendant is **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 3/4/2021**                                         s/J. Phil Gilbert
                                                                          **J. PHIL GILBERT**
                                                                          **United States District Judge**