IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WILLIAM A. WHITE, #13888-084, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 20-cv-01117-JPG |
| | ) |
| M. COLLIS, | ) |
| KATHY HILL, | ) |
| FEDERAL BUREAU OF PRISONS, | ) |
| BILL TRUE, | ) |
| D. CHRISTENSEN, | ) |
| J. WAMPLER, | ) |
| GARY BURGESS, | ) |
| and S. BYRAM, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

This matter is before the Court for case management. Plaintiff is currently housed in the Communications Management Unit ("CMU") at the United States Penitentiary in Marion, Illinois ("USP-Marion"). He filed a Complaint to challenge disciplinary action taken against him for engaging in prohibited communications. Along with his Complaint, Plaintiff filed voluminous exhibits containing what appear to be the written or printed communications he was prohibited by prison officials from disseminating to individuals inside and outside the prison. By incorporating this information into his Complaint, Plaintiff has now placed sensitive information into the public record.

Closer inspection of these documents reveals that several have been doctored, altered, falsified, and/or presented in a manner that threatens the safety and security of one or more public servants. For example, Plaintiff includes the names of individuals he identifies as confidential

1

informants,[1] he identifies federal law enforcement officials in connection with certain undercover investigations,[2] he includes the home address of a federal judge,[3] and he attaches an FBI report detailing an investigation into the murder of that judge's family.[4]

Plaintiff made no attempt to file the Complaint or the exhibits under seal. He made no redactions to the documents to protect sensitive information. He also filed no motion seeking the Court's assistance in sealing, redacting, or otherwise preventing the publication of sensitive information in the Complaint and exhibits. On the contrary, Plaintiff appears to have *added* much of this information into the documents by typing names, addresses, and other identifying information where the information was previously redacted.

Rule 5.2 of the Federal Rules of Civil Procedure authorizes the Court to enter certain orders to protect private information contained in filings made with the Court. *See* FED. R. CIV. P. 5.2. The rule protects "privacy and security concerns" of individuals. FED. R. CIV. P. 5.2 Advisory Comm. Note (2007). This includes identifying information, such as home addresses of public employees who have a significant interest in protecting this information from public disclosure. *U.S. Dep't of Def. v. Fed. Labor Relations Auth.*, 510 U.S. 487, 500 (1994). This Court has broad discretion when addressing matters of security, particularly when doing so does not prejudice the plaintiff. *See Wainwright v. Lockhart*, 80 F.3d 1226, 1232 (8th Cir. 1996).

Rue 5.2 explicitly calls for redaction of certain information contained in electronic or paper filings, such as social security numbers, financial account numbers, dates of birth, and names of minors. *See e.g.,* FED. R. CIV. P. 5.2(a)(1)-(4). The rule authorizes the Court to enter orders requiring that certain filings be made under seal without redaction and later unsealed or requiring

---

[1] *See e.g.* Doc. 1 at ¶¶ 15, 27, 28, 35, and 38.
[2] *See* Doc. 1, p. 54.
[3] *See* Doc. 1, p. 66.
[4] *See* Doc. 1, pp. 66-69.

the person who made the filing to re-file a redacted version for the public record.  FED. R. CIV. P. 5.2(d).  For good cause shown, the Court may also enter a protective order requiring redaction of additional information or limiting or prohibiting a non-party's remote electronic access to a document filed with the Court.  FED. R. CIV. P. 5.2(e)(1)-(2).

The Court deems it necessary to invoke Rule 5.2(d) and (e) here.  Plaintiff's Complaint and exhibits contain sensitive information that presents a security concern for one or more public servants and private individuals.  Plaintiff should not have placed this sensitive information into the public record.  Instead, he should have made the appropriate redactions or filed a motion to seal sensitive documents.  The onus was on Plaintiff to do so.  As presented, the information is scattered throughout a 75-page Complaint, and the Court is thus unable to determine the exact nature, number, and scope of disclosures contained therein.  Plaintiff will suffer no prejudice from an Order sealing the entire Complaint and exhibits at this time.

For the reasons set forth above and in keeping with the privacy protection objectives embodied by Rule 5.2, the Court hereby **DIRECTS** the Clerk of Court to **SEAL** the Complaint and exhibits (Doc. 1) pursuant to Rule 5.2(d) and (e).  Should Plaintiff file any other document(s) containing the type of sensitive information described in Rule 5.2 and herein, the Court will direct the Clerk's Office to strike and return the document(s) to plaintiff for proper redaction and resubmission to the Court.

**FUTURE FILINGS: Temporarily Sealed.**  As an additional precaution, the Clerk of Court is further **DIRECTED** to temporarily seal any papers submitted by Plaintiff for filing in any pending or newly-filed case.  The documents shall remain temporarily sealed pending review by chambers and will be unsealed once it is determined that they pose no public security threat.  The Court will, on its own or on motion of a party, reconsider this requirement in twelve months.

Finally, Plaintiff is **ORDERED** to **REFRAIN** from filing any more documents containing the sensitive information outlined in Rule 5.2, as well as the home addresses, phone numbers, and other personal identifying information of public servants.  Plaintiff is further **WARNED** to **REFRAIN** from filing any documents obtained pursuant to a request under the Freedom of Information Act and then altered, doctored, or otherwise falsified.  He is **WARNED** that any future attempts to put private or sensitive information into the public record shall result in **SANCTIONS** that include, and are not limited to, a filing restriction and monetary fines.

This warning is in addition to three prior warnings Plaintiff received in the past month for making abusive, insulting, and threatening attacks on parties, counsel, the court, and others in documents he filed in this Court.  *See White v. Dept. of Justice, et al.*, No. 16-cv-948-JPG (S.D. Ill.) (*See* Doc. 192, p. 1 at n.1) ("first warning") (warning Plaintiff that "[i]n the future, in this and any other case, the Court will summarily strike any of White's filings that contain such inappropriate *ad hominem* attacks and may not allow him to amend the filing."); *White v. United States*, No. 18-cv-1682-JPG (S.D. Ill.) (Doc. 41) ("second warning") (warning Plaintiff to "refrain from filing any more pleadings containing language that is abusive toward the court, other parties, or others, and . . . WARN[ING] [him] that such filings will be STRICKEN and returned to him without any further action by this Court. Moreover, he shall face sanctions that include, but are not limited to, a monetary fine and/or a filing restriction for further abusive or frivolous filings."); *White v. United States*, No. 16-cv-783-JPG (Doc. 110) (same) ("third warning").

**IT IS SO ORDERED.**

**DATED: 3/12/2021**                                              s/J. Phil Gilbert
                                                                **J. PHIL GILBERT**
                                                                **United States District Judge**