IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **WILLIAM A. WHITE, #13888-084,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 20-cv-01117-JPG |
| | ) |
| **M. COLLIS,** | ) |
| **KATHY HILL,** | ) |
| **FEDERAL BUREAU OF PRISONS,** | ) |
| **BILL TRUE,** | ) |
| **D. CHRISTENSEN,** | ) |
| **J. WAMPLER,** | ) |
| **GARY BURGESS,** | ) |
| **and S. BYRAM,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

The matter is before the Court for a decision on Plaintiff William White's Motion to Unseal Complaint or Enter An Appropriate Order Directing Redactions and to Withdraw Court's Improper Sanctions Warning (Doc. 11) and Motion to Amend Complaint As of Right (Doc. 12). For the reasons set forth below, Doc. 11 shall be **STRICKEN** and **RETURNED** to White, and Doc. 12 shall be **DENIED** without prejudice. In addition, the Order temporarily sealing "Future Filings" (*see* Doc. 7) shall be **LIFTED**, and Plaintiff shall be sanctioned with a two-year **FILING RESTRICTION** for violating this Court's fourth warning to refrain from all further abusive litigation conduct.[1]

---

[1] This filing restriction is separate and independent from the restriction imposed in *White v. United States*, No. 17-cv-00683-JPG (S.D. Ill.).

1

**Background**

While housed in the Communications Management Unit ("CMU") at the United States Penitentiary in Marion, Illinois ("USP-Marion"), White filed a Complaint to challenge disciplinary action taken against him for engaging in prohibited communications. (Doc. 1). On March 5, 2021, the Court screened the Complaint and allowed him to proceed with four claims against the Federal Bureau of Prisons under the Administrative Procedures Act, 5 U.S.C. §§ 701, *et seq*.

Along with his Complaint, White filed the written or printed communications he was prohibited by prison officials from disseminating inside and outside the prison. Several documents appeared doctored, altered, and/or falsified, and they were presented in a manner that threatened the safety and security of one or more public servants.[2] Much of the sensitive information in question was added to the documents. Names, addresses, and other identifying information were written or typed into sections of the documents that were previously redacted. White made no attempt to file the Complaint or any exhibits under seal.

On March 12, 2021, the Court entered an Order directing the Clerk of Court to seal the Complaint and exhibits pursuant to Federal Rules of Civil Procedure 5.2(d) and (e). (*See* Order at Doc. 7). This rule authorizes the Court to enter certain orders to protect private information contained in filings made with the Court. *See* FED. R. CIV. P. 5.2 Advisory Comm. Note (2007) (rule protects "privacy and security concerns" of individuals); *U.S. Dep't of Def. v. Fed. Labor Relations Auth.*, 510 U.S. 487, 500 (1994); *Wainwright v. Lockhart*, 80 F.3d 1226, 1232 (8th Cir. 1996) (Court has broad discretion when addressing matters of security particularly when it does not prejudice the plaintiff); *see also* FED. R. CIV. P. 11.

---

[2] Among other things, Plaintiff included the names of individuals he identifies as confidential informants, he identified federal law enforcement officials in connection with certain undercover investigations, he included the home address of a federal judge, and he attached an FBI report detailing an investigation into the murder of that judge's family.

As an additional precaution for future filings, the Court directed the Clerk's Office to temporarily seal any papers submitted by White for filing in any pending or newly-filed case until the documents were reviewed by chambers and deemed to pose no public security threat. (*Id*.). White was explicitly ordered to refrain from filing any more documents containing the sensitive information outlined in Rule 5.2, as well as the home addresses, phone numbers, and other personal identifying information of public servants. He was similarly warned not to file any documents obtained pursuant to a request under the Freedom of Information Act and then altered, doctored, or otherwise falsified. In no uncertain terms, White was "**WARNED** that any future attempts to put private or sensitive information into the public record shall result in **SANCTIONS** that include, and are not limited to, a filing restriction and monetary fines." (*Id*. at 4) (emphasis in original).

This was not the first warning White received in this District; it was his fourth. This Court previously warned White, on three other occasions, to refrain from all further abusive, insulting, and threatening attacks on parties, counsel, the court, or others in documents he filed in this Court. *See White v. Dept. of Justice, et al.*, No. 16-cv-00948-JPG (S.D. Ill.) (*See* Doc. 192, p. 1 at n.1) ("first warning") (warning Plaintiff that "[i]n the future, in this and any other case, the Court will summarily strike any of White's filings that contain such inappropriate *ad hominem* attacks and may not allow him to amend the filing."); *White v. United States*, No. 18-cv-01682-JPG (S.D. Ill.) (Doc. 41) ("second warning") (warning Plaintiff to "refrain from filing any more pleadings containing language that is abusive toward the court, other parties, or others, and . . . WARN[ING] [him] that such filings will be STRICKEN and returned to him without any further action by this Court. Moreover, he shall face sanctions that include, but are not limited to, a monetary fine and/or a filing restriction for further abusive or frivolous filings."); *White v. United States*, No. 16-cv-00783-JPG (Doc. 110) (same) ("third warning").

Less than three weeks later, on March 29, 2021, White nevertheless filed a Motion to Unseal Complaint or Enter An Appropriate Order Directing Redactions and to Withdraw Court's Improper Sanctions Warning (signed March 23, 2021) that ran afoul of these warnings.  (Doc. 11). In the motion, White insists that his Complaint did not violate the Federal Rules of Civil Procedure and should therefore be unsealed.  White explains that he submitted the documents that subjected him to prison disciplinary action just as they appeared when he attempted to mail them to his friend, Paul Angel. (Doc. 11, p. 1, ¶ 1).  Because he never represented that they were "authentic FBI documents," he maintains that they should not be sealed.  (*Id*.).  White further explains that he did not knowingly name any "undercover" agents, and he did not reveal the "full home address" of a federal judge.  (*Id*. at ¶ 5).  He goes on to repeat the names of these individuals, in both versions of the document he submitted (partially and unredacted versions), and again offer a detailed physical description and address of the federal judge's home, with copies of related newspaper articles regarding the same.  (*Id*.).  White describes his role in the investigation into the murder of this federal judge's family and in uncovering an immediate threat posed by another organization.  (*Id*.).  White states that he is currently in the process of putting the same information into the public record in cases pending in two other federal judicial districts.  (*Id*.).  He adds that "jumping to conclusions is becoming a pattern with this Court" (*id*. at ¶ 1); asserts that this Court "either engaged in ex parte communications with the United States or has decided that it is an advocate for the Department of Justice" (*id*. at ¶ 7); and accuses the Court of "pull[ing] obviously incorrect factual findings out of thin air and misapply[ing] law" (*id*.).

The Court now finds that the contents of Doc. 11 violate this Court's Order at Document 7 to refrain from all further attempts to place sensitive information into the public record and to refrain from making further harassing, abusive, and threatening comments to the court, counsel,

parties, or anyone else. (Doc. 7, pp. 3-4). White has failed to heed these repeated warnings and shall consequently face sanctions in the form of a filing restriction. This restriction is separate and independent of the filing restriction in Case No. 17-cv-00683-JPG.

White also filed a Motion to Amend Complaint as of Right on April 15, 2021. (Doc. 12). The motion itself contains no controversial information and shall be unsealed. However, the proposed amended complaint spans more than forty pages and contains no underlining to indicate what allegations and information in this version are different than the original Complaint. According to Local Rule 15.1, "[A]ll new material in an amended pleading must be underlined." *See* SDIL-LR 15.1. White did not comply with Local Rule 15.1. Given that this version is thirty-five pages shorter than the original, it is obvious that the two complaints are substantially different. A quick review of both confirms this. The Court need not, and will not, conduct a detailed comparison. The Motion to Amend Complaint shall be denied without prejudice.

## Disposition

**IT IS ORDERED** that White's Motion to Unseal Complaint or Enter An Appropriate Order Directing Redactions and to Withdraw Court's Improper Sanctions Warning (Doc. 11) is **STRICKEN** as a direct violation of the court's fourth warning, contained in Doc. 7, to refrain from further attempts to place sensitive information into the public record and to also refrain from the use of harassing, gratuitous, and abusive language in court filings. The Clerk's Office is **DIRECTED** to **RETURN** Document 11 to White.

**IT IS ORDERED** that White's Motion to Amend Complaint As of Right (Doc. 12) is **DENIED** without prejudice because it violates SDIL-LR 15.1.

**IT IS ORDERED** that the portion of the Order at Document 7 addressing "Future Filings" and quoted below is now **LIFTED** for White's future filings in this District:

5

> **FUTURE FILINGS**: Temporarily Sealed. As an additional precaution, the Clerk of Court is **DIRECTED** to temporarily seal any papers submitted by Plaintiff for filing in any pending or newly-filed case. The documents shall remain temporarily sealed pending review by chambers and will be unsealed once it is determined that they pose no public security threat. The Court will, on its own or on motion of a party, reconsider this requirement in twelve (12) months (March 11, 2022).

(*See* Order at Doc. 7). **This temporary filing restriction may be reinstated, as needed, on a case-by-case basis.**

**IT IS ORDERED** that White's misconduct in this particular case provides independent grounds for a two-year **FILING RESTRICTION** in this District as follows:

### FILING RESTRICTION

William White is **SANCTIONED** with a filing restriction in this District that takes effect immediately and continues for the next two years. During this time period, White is prohibited from filing any new civil actions in this Court, and the Clerk of Court is **DIRECTED** to **RETURN UNFILED** all civil pleadings he submits for filing in a pending or new action. This filing restriction does not extend to a Notice of Appeal from this Order (which shall result in imposition of an additional $505.00 filing/docketing fee), to the filing of any Petition for a Writ of Habeas Corpus, or to pleadings filed as a defendant in another criminal or civil case. *See Mack*, 45 F.3d 183; *Newlin v. Helman*, 123 F.3d 429, 436 (7th Cir. 1997). However, any papers submitted to the Court by White while this filing restriction is in place must be accompanied by a copy of this Order. Moreover, all habeas corpus filings will be summarily dismissed thirty days after filing, unless otherwise ordered by the Court. In accordance with precedent, White may seek modification or rescission of this Order by filing a motion in this Court *no earlier* than two years from the date of entry of this Order. **White is WARNED that any efforts to evade the filing restriction shall result in the imposition of additional monetary and/or other sanctions.**

**IT IS SO ORDERED.**

**DATED:  9/27/2021**                                          s/ J. Phil Gilbert
                                                                                  **J. PHIL GILBERT**
                                                                                  **United States District Judge**