IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WILLIAM A. WHITE, #13888-084, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 20-cv-01117-JPG |
| | ) |
| FEDERAL BUREAU OF PRISONS, | ) |
| | ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

**GILBERT, District Judge:**

This matter is now before the Court for a decision on Defendants' Motion to Dismiss for Lack of Prosecution. (Doc. 39). As explained in more detail below, Plaintiff William White has failed to comply with multiple court orders to update his address and otherwise failed to prosecute his claims in this case. Accordingly, the motion shall be **GRANTED** and this action shall be **DISMISSED with prejudice**. *See* FED. R. CIV. P. 41(b).

## Discussion

Plaintiff William A. White commenced the underlying action by filing a Complaint seeking injunctive relief under the Administrative Procedures Act against the Federal Bureau of Prisons on October 22, 2020. On the same date, the Court entered a Notice and Order advising White of his ongoing obligation to update his address any time it changed: "[Y]ou are advised that if your address changes, you must notify the Court within seven days of the change by filing a Notice of Change of Address." (Doc. 3). White was also warned of the consequences of failing to timely communicate this information to the Court: "Failure to do so could result in the dismissal of your case." (*Id*.). The Court reminded White of his ongoing obligation to update his address in a Screening Order entered March 5, 2021:

1

> Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

(Doc. 6, p. 9). White received notice of this obligation in the other cases he filed in this District. *See, e.g., White v. United States*, No. 17-cv-00683-JPG (S.D. Ill.) (Doc. 4, pp. 1-2); *White v. United States*, No. 18-cv-01682-JPG (S.D. Ill.) (Doc. 3, pp. 1-2). The Court's Orders reflect the requirement made of all plaintiffs proceeding *in forma pauperis* in this District. Local Rule 3(1)(b) states: "All petitioners and plaintiffs are under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his or her location. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs." *See* SDIL-Local Rule 3.1(b).

White failed to notify the Court about numerous address changes. According to motions filed in two other cases, White transferred from the United States Penitentiary in Marion, Illinois (USP-Marion), to the United States Penitentiary in Terre Haute, Indiana (USP-Terre Haute) on or around January 16, 2022. *See White v. United States*, No. 18-cv-01682-JPG (Doc. 60, ¶¶ 3-7); *White v. Fields, et al.*, No. 20-cv-00751-NJR (S.D. Ill.) (Docs. 37 and 40)). Sometime after, White transferred to the Federal Correctional Institution in Cumberland, Maryland (FCI-Cumberland). *Id*. Public records confirm that White is now housed at FCI-Cumberland.[1] *See Bova v. U.S. Bank, N.A.,* 446 F. Supp. 2d 926, 930 n.2 (S.D. Ill. 2006) (a court may judicially notice public records available on government websites) (collecting cases).

The Court heard nothing from White until two weeks after the defendants filed their motion to dismiss this case on November 14, 2022. Prior to this, the Court heard from White just after it

---

[1] *See* https://bop.gov/inmateloc/ (site last visited February 27, 2023).

2

imposed a filing restriction in this and another case for his abusive litigation conduct on September 27, 2021.  *See White v. Collis, et al.*, No. 20-cv-01117-JPG (Doc. 24); *White v. United States*, No. 17-cv-00683-JPG (Doc. 116).  Both filing restrictions prohibited White from filing any new civil actions and pleadings in a pending or new action for two years.  Neither filing restriction prohibited White from updating his address or relieved him of this obligation.  *Id*.

On October 12, 2021, White challenged the filing restrictions by filing a notice of appeal.  (Doc. 28).  The Seventh Circuit Court of Appeals initially stayed that portion of the filing restrictions extending to notices of appeal while it reviewed the restriction, but the Court ultimately affirmed the districtwide filing restrictions against White.  *See White v. United States of America*, App. Nos. 21-2835 and 21-2881 (7th Cir. June. 16, 2022).  In addition, the Seventh Circuit imposed monetary sanctions against White for his abusive litigation tactics during the appeal.  *White v. United States*, App. No. 21-2835 (Doc. 53).  The Seventh Circuit also denied White's petition for rehearing *en banc*.  *White v. Fed'l Bureau of Prisons*, App. No. 21-2881 (7th Cir. July 29, 2022).  Even while litigating his appeals and filing a petition for writ of certiorari in the United States Supreme Court, White took no steps to update his address in this case until after the defendants moved for dismissal of the underlying action.[2]  *See White v. United States, et al.*, 143 S. Ct. 596, *cert. denied* January 9, 2023.  He also failed to update his address in at least two other cases in this District, resulting in their dismissal with prejudice.  *See White v. United States*, Case No. 18-cv-01682-JPG (Docs. 61-62, dismissed on Oct. 6, 2022); *White v. Fields, et al.*, Case No. 20-cv-00751-NJR (Docs. 40-41, dismissed on June 13, 2022).

Dismissal of this action based on White's ongoing failure to update his address is now appropriate, and dismissal with prejudice is warranted.  White's abusive litigation tactics in this

---

[2] White filed his first notice of address change after October 12, 2021, thirteen months (and several prison transfers) later on November 14, 2022.  (Doc. 41).

3

particular case resulted in the imposition of a filing restriction. His continued misconduct on appeal resulted in the imposition of fines against him. He has taken no steps to move this matter forward in good faith, either before or after imposition of these sanctions.

Under Rule 41(b) of the Federal Rules of Civil Procedure, a defendant may seek dismissal of an action "[i]f the plaintiff fails to prosecute or to comply with the[ ] rules or a federal court order." See FED. R. CIV. P. 41(b). It is not even necessary for a defendant to file a motion because a district court has inherent authority to dismiss an action *sua sponte* for want of prosecution. *Williams v. Chicago Bd. of Educ.*, 155 F.3d 853, 857 (7th Cir. 1998); *Harrington v. City of Chicago*, 433 F.3d 542 (7th Cir. 2006); *Fischer v. Cingular Wireless, LLC*, 446 F.3d 663 (7th Cir. 2006). Dismissal is just one of the tools available to a court "to achieve the orderly and expeditious disposition of cases." *Williams*, 155 F.3d at 857 (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)). Dismissal is a harsh sanction and should only be used "in extreme situations, when there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailing." *Id*. (quoting *Dunphy v. McKee*, 134 F.3d 1297, 1299 (7th Cir. 1998)).

Given the circumstances presented in this matter, the Court deems it appropriate to dismiss this case with prejudice based on White's noncompliance with the Court's Orders to timely update his address (Docs. 3, 6; SDIL-Local Rule 3.1(b)) and based on White's failure to prosecute his claims herein. See FED. R. CIV. P. 41(b).

## Disposition

**IT IS HEREBY ORDERED** that, for the reasons set forth above, Defendants' Motion to Dismiss for Lack of Prosecution (Doc. 39) is **GRANTED**. This action is **DISMISSED** with prejudice based on White's failure to comply with Court Orders (Docs. 3 and 6) to update his address and based on his failure to prosecute his claims. See FED. R. CIV. P. 41(b); *Ladien v.*

4

5

*Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994).

**ALL CLAIMS** are **DISMISSED** with prejudice against **ALL DEFENDANTS**.

White is **WARNED** that the **FILING RESTRICTION** imposed in this case at Doc. 24 (page 6) remains **IN EFFECT**.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: 2/28/2023**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**
